IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TATHONY BROWN, #98928,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-00564-JPG |
| | ) |
| **STEPHEN B. RIDING,** | ) |
| **LT. FOSTER,** | ) |
| **SGT. RICHERT,** | ) |
| **DEPUTY HARING,** | ) |
| **SGT. SARHAGE,** | ) |
| **and SGT. MIKE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tathony Brown brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional violations at Madison County Jail. (Doc. 1). According to the Complaint, Plaintiff was subjected to the following deprivations at the Jail: (a) punishment for refusing to place his mattress on the ground in the day room on May 12, 2021; (b) assault by officers while he was handcuffed on May 13, 2021; (c) placement in a restraint chair and denial of medical care when Plaintiff went on a hunger strike and ate metal and glass in May 2021; (d) denial of a shower for three days in May 2021; and (e) refusal to issue six-month trust fund account statement in April and May 2021. (*Id*. at 6). Plaintiff claims that his Eighth Amendment rights were violated, but he does not name any defendants in connection with these claims. (*Id*.). He seeks money damages. (*Id*. at 7).

1

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The applicable legal standard for Plaintiff's claims depends on his status as a convicted prisoner or a pretrial detainee when his claims arose. The Eighth Amendment protects convicted persons against cruel and unusual punishment. U.S. CONST. AMEND. VIII. A prisoner seeking redress for a violation of his rights under this constitutional amendment must establish that he was subjected to conditions that are objectively, sufficiently serious and also show that each defendant responded in a manner that was subjectively, deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97 (1976) (medical care); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (conditions of confinement); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (failure-to-protect).

The Fourteenth Amendment Due Process Clause protects a pretrial detainee against all forms of punishment. *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). A pretrial detainee pursuing relief for a violation of his due process rights must demonstrate that the defendant's conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353-54 (medical care); *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019) (conditions of confinement); *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (excessive force)).

Regardless of which standard applies, Section 1983 claims for money damages require the plaintiff to show that each defendant "caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff must therefore name the individuals who violated his constitutional rights as defendants in the case caption and then describe what each individual did to violate his rights in the statement of his claim. This does not require great detail. Plaintiff must only set forth a brief description of each person's misconduct. FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). However, he names no one in the statement of his claim. (Doc. 1, p. 6). The Court is thus unable to determine whether any of the defendants listed in the case caption violated his rights under the Eighth or Fourteenth Amendment.

Accordingly, the Complaint shall be dismissed for failure to state a claim for relief. The dismissal is without prejudice. Plaintiff will have an opportunity to file a First Amended Complaint. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Therefore, the First Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, in the case caption and should also include a description of how Plaintiff's rights were violated in the body of the complaint. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, John/Jane Doe 1, John/Jane Doe 2, etc.).

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice. Although there is no constitutional or statutory right to counsel in federal civil cases, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit an attorney for an indigent litigant.

*Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  When presented with a motion for counsel, the Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff has not demonstrated reasonable efforts to locate counsel or shown that he was effectively precluded from finding an attorney.  (Doc. 2).  He lists the name of one attorney he contacted.  (*Id*. at 3).  Plaintiff should attempt to write or call at least three attorneys before seeking court-recruited counsel.  He should attach copies of his correspondence as exhibits, describe the content of his letters, indicate when he wrote each attorney/firm, and describe the response he received.

At the same time, he has demonstrated an ability to prepare and file appropriate and timely documents.  This includes an organized complaint that clearly summarizes each claim.  He must simply identify the defendant(s) who were responsible for each constitutional deprivation.

As the case progresses, Plaintiff may renew his request for assistance by filing a new motion for recruitment of counsel.  When he does, Plaintiff must show his efforts to find an attorney on his own before asking the Court for help recruiting counsel on his behalf.

**Disposition**

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and his Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 2, 2021**.  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  He should also list this case number on the first page (*i.e.*, Case No. 21-cv-00564-JPG).  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 10/4/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**